EXHIBIT 3 TO DEFENDANT'S NOTICE OF REMOVAL

COPIES OF RECORDS PROVIDED BY PLT

CAUSE NO. 202582618

RECEIPT NO: 1042264

TRACKING NO: 74566851 EML

| | |
|---|---|
| Plaintiff: | In The 333rd |
| LAPOINT, KEIALA (INDIVIDUALLY AND A/N/F OF K I {MINOR}) | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| THE KRAFT HEINZ FOODS COMPANY | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

To:   **THE KRAFT HEINZ FOODS COMPANY (A FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS**
**REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900, DALLAS TX 75201**
**OR WHEREVER FOUND**

      Attached is a copy of: PLAINTIFFS' ORIGINAL PETITION

This instrument was filed on October 29, 2025 in the above cited cause number and court.
The instrument attached describes the claim against you.

      **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

      This citation was issued on October 30, 2025, under my hand and seal of said court.

Issued at the request of:

DAVIS, SUTTON PAUL
440 LOUISIANA STREET, SUITE 1400

HOUSTON, TX 77002
210-322-4878
Bar Number: 24136049



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE    Houston   Texas
77002
(PO Box 4651, Houston, Texas
77210)

Generated By:ADILIANI SOLIS

Mauricio Segovia
PSC1689 Expires 8/31
2025/11/03 10:02:27

Tracking Number: 74566851 EML

**CAUSE NUMBER: 202582618**

| | |
|---|---|
| PLAINTIFF: LAPOINT, KEIALA (INDIVIDUALLY AND A/N/F OF K I {MINOR}) | In the 333rd |
| vs. | Judicial District Court of |
| DEFENDANT: THE KRAFT HEINZ FOODS COMPANY | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
_____By_____
    Affiant                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
                                    Notary Public

10/29/2025 4:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 107451216
By: Adiliani Solis
Filed: 10/29/2025 4:38 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KEIALA LAPOINT, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND A/N/F OF | § | |
| K.I. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE KRAFT HEINZ FOODS | § | |
| COMPANY, | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Keiala Lapoint, individually and a/n/f of K.I., Minor (hereinafter, collectively "Plaintiffs") complain of Defendant, The Kraft Heinz Foods Company (hereinafter, "Defendant"), and would respectfully show the Court as follows:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. Plaintiff further pleads that the amount in controversy in this matter, including but not limited to Compensatory and Exemplary

Damages, does not exceed $75,000.00. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## Parties

4.    Plaintiff, Keiala Lapoint, is an individual residing in Harris County, Texas.

5.    Plaintiff, Keilani Issachar, is a minor residing in Harris County, Texas. Keiala Lapoint brings this suit in her individual capacity and as next friend for the minor child, K.I.

6.    Defendant, The Kraft Heinz Foods Company, is a foreign corporation doing business in Texas and is the owner and parent corporation of the Oscar Mayer brand. Defendant may be served with process through its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever found.

## Misnomer and Alter Ego

7.    In the event that any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a misnomer, and/or such parties are/were alter egos, divisions, or d/b/a's of the Defendant named herein. Specifically, it is Plaintiffs' intent to bring suit against the ultimate corporate entity responsible for the manufacturing and sale of the contaminated product.

## Facts

8.    Plaintiff, Keiala Lapoint, at all times relevant hereto, was a resident of the State of Texas.

9.    At all times relevant hereto, Plaintiff Keiala Lapoint was six (6) months pregnant.

10.   Earlier in the month of June 2025, Plaintiff Keiala Lapoint consumed a food product, Oscar Mayer Turkey Bacon, which was manufactured by The Kraft Heinz Foods Company under its Oscar Mayer brand name. This product was later subject to a recall due to contamination with *Listeria monocytogenes*.

11.   After the consumption of the contaminated product, and following an incubation period, Plaintiff Keiala Lapoint began experiencing severe abdominal pain, vomiting, and other debilitating symptoms. Due to the severity of these symptoms, she sought immediate medical attention and was admitted to a hospital on or about June 26, 2025.

12.   As a direct and proximate result of the listeria poisoning, Plaintiff Keiala Lapoint entered into and proceeded through premature labor, resulting the delivery of her baby on July 7, 2025, at twenty-six (26) weeks gestation.

13.   The minor plaintiff, K.I. was born weighing only one (1) pound, three (3) ounces, and was immediately placed in the Neonatal Intensive Care Unit (NICU). Minor plaintiff K.I. remains in the NICU as of the date of this filing. Minor plaintiff K.I. subsequently tested positive for *Listeria monocytogenes*, confirming the diagnosis. Although K.I. has since overcome the acute listeria infection, the minor plaintiff continues to require intensive care due to the premature birth and related complications.

14.   As a direct result of the Defendant's conduct, Plaintiff Keiala Lapoint and the minor plaintiff K.I. have suffered severe and permanent physical injuries, financial loss, pain, suffering, and emotional distress.

## Causes of Action

### COUNT ONE:  NEGLIGENCE

15.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

16.    At all times relevant hereto, Defendant owed a duty of reasonable care to Plaintiffs, as consumers of its food products, to design, manufacture, process, store, inspect, and sell products that were safe, fit for human consumption, and free from dangerous contaminants, including *Listeria monocytogenes*.

17.    Defendant breached this duty of reasonable care by, but not limited to, the following acts and omissions:

   a.   Failing to implement reasonable testing, quality control, and sanitation procedures to prevent the contamination of the turkey bacon product with *Listeria monocytogenes*.

   b.   Failing to properly inspect the processing and packaging facility and equipment for dangerous contamination.

   c.   Failing to promptly recall the contaminated product upon notice or constructive notice of the danger.

   d.   Manufacturing and placing into the stream of commerce a food product unfit for human consumption.

18.    The Defendant's negligence and breach of duty were the direct and proximate cause of the Plaintiffs' injuries, including Keiala Lapoint's listeria infection, her resultant premature labor, the subsequent birth of minor plaintiff K.I. at 26 weeks

gestation, K.I.'s listeria infection, and the severe medical complications and damages sustained by both Plaintiffs.

## COUNT TWO: STRICT PRODUCT
## LIABILITY — MANUFACTURING DEFECT

19. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

20. The Oscar Mayer Turkey Bacon consumed by Keiala Lapoint was a product manufactured, sold, or distributed by the Defendant, and was placed into the stream of commerce.

21. When the product left the possession of the Defendant, it was defective because it was contaminated with *Listeria monocytogenes*, rendering it unreasonably dangerous to the ordinary consumer. This contamination constitutes a Manufacturing Defect under the Texas Civil Practice and Remedies Code § 82.001 et seq.

22. The defective and unreasonably dangerous condition of the product was a producing cause of the injuries and damages sustained by Plaintiffs Keiala Lapoint and K.I.

## COUNT THREE: STRICT PRODUCT LIABILITY
## — FAILURE TO WARN (MARKETING DEFECT)

23. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

24. The turkey bacon product was defective because the Defendant failed to provide adequate pre-sale warnings or instructions regarding the potential for contamination with *Listeria monocytogenes* and the extreme danger the product

posed to vulnerable populations, including pregnant women and their unborn children.

25.    Furthermore, after becoming aware of the specific contamination and the need for a recall, the Defendant failed to provide adequate post-sale warnings and instructions to consumers and retailers regarding the scope and danger of the contaminated product, particularly considering the pre-recall sickness of Keiala Lapoint.

26.    The Defendant's failure to warn was a producing cause of the injuries and damages sustained by Plaintiffs Keiala Lapoint and K.I.

### COUNT FOUR:  GROSS NEGLIGENCE

27.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

28.    Defendant had actual subjective awareness of the extreme risk of the extreme risk of harm associated with *Listeria monocytogenes* contamination in its food processing facilities, particularly the known risk of serious injury or death that *Listeria* poses to pregnant women and infants.  This actual subjective awareness is established by, but not limited to, the following facts and discoverable evidence:

a. Defendant's own internal laboratory testing revealed the presence of *Listeria monocytogenes* in the final product, directly establishing their knowledge of the contamination and its danger before and during the recall process.

b. Defendant placed contaminated product—manufactured over a six-week period (April 24, 2025, to June 11, 2025) and totaling over 367,000

pounds—into the stream of commerce, demonstrating a systemic and sustained failure in sanitation and quality control.

c. Defendant knew or should have known, based on regulatory warnings and industry standards, that *Listeria monocytogenes* in a ready-to-eat product poses an extreme and high probability of severe harm, including premature delivery, stillbirth, and life-threatening infection to newborns.

29. The negligent, reckless, and consciously indifferent acts and/or omissions of the Defendant, as described above, constitute Gross Negligence.

30. Plaintiffs are therefore entitled to an award of Exemplary Damages sufficient to punish the Defendant and deter similar conduct in the future.

### Damages

31. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

32. By virtue of the negligent, defective, and grossly negligent acts and conduct of the Defendant set forth above, Plaintiff Keiala Lapoint has been seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future physical pain, suffering, and mental anguish;

c. Past and future physical impairment;

d. Past and future physical disfigurement; and

e. Past lost wages and future loss of earning capacity.

33.    By virtue of the negligent, defective, and grossly negligent acts and conduct of the Defendant set forth above, Plaintiff K.I., minor, has been seriously injured and is entitled to recover the following damages:

     a.  Past and future medical expenses, including all costs associated with the NICU stay, current treatments, and long-term care for prematurity-related complications;

     b.  Past and future physical pain, suffering, and mental anguish;

     c.  Past and future physical impairment;

     d.  Past and future physical disfigurement; and

     e.  Future loss of earning capacity after reaching majority.

34.    Furthermore, by reason of the Defendant's Gross Negligence (Count Four), which involved an act or omission that was committed with conscious indifference to the rights, safety, or welfare of the Plaintiffs, Plaintiffs are entitled to recover Exemplary Damages against the Defendant in an amount sufficient to punish the Defendant and deter similar wrongful conduct in the future.

35.    By reason of the above, Plaintiffs are entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest at the highest rate allowed by law.

## Duty to Disclose

36.    Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing

of the first answer.  Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

37.   Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiffs Keiala Lapoint and K.I., minor, respectfully request that the Court enter judgment against Defendant The Kraft Heinz Foods Company for the injuries and damages sustained by the Plaintiffs, and that the Court grant all relief to which the Plaintiffs are entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Keiala Lapoint and K.I., minor, pray for judgment against Defendant The Kraft Heinz Foods Company for all damages detailed above, together with interest and costs of suit, and all other relief to which they are entitled.

*[Signature Block On Next Page]*

Respectfully submitted,

**DASPIT LAW FIRM, PLLC**

*/s/ Sutton P. Davis*
**Sutton P. Davis**
Texas State Bar No. 24136049
440 Louisiana St., Ste. 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: E-Service@DaspitLaw.com

**ATTORNEY FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lyndze Mullennix on behalf of John Daspit
Bar No. 24048906
lyndze@daspitlaw.com
Envelope ID: 107451216
Filing Code Description: Petition
Filing Description: PLAINTIFFS ORIGINAL PETITION
Status as of 10/30/2025 9:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lyndze  Mullennix | | lyndze@daspitlaw.com | 10/29/2025 4:38:49 PM | SENT |
| Sutton Davis | | sdavis@daspitlaw.com | 10/29/2025 4:38:49 PM | SENT |
| DLF Intake | | intake@daspitlaw.com | 10/29/2025 4:38:49 PM | SENT |
| John  Daspit | | e-service@daspitlaw.com | 10/29/2025 4:38:49 PM | SENT |
| Alma Lira | | Alira@proactivelegal.com | 10/29/2025 4:38:49 PM | SENT |
| Joshua Aguilar | | ycervantes@proactivelegal.com | 10/29/2025 4:38:49 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 10/29/2025 4:38:49 PM | SENT |



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                Mon, Nov 3, 2025
**Server Name:**                         Mauricio Segovia

| | |
|---|---|
| Entity Served | KRAFT HEINZ FOODS COMPANY |
| Case Number | 202582618 |
| Jurisdiction | TX |

| Inserts |
|---|
| | | |

